**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1777
_____

BAO HUI CHEN,
                              Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                              Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A072-368-829)
Immigration Judge:  Honorable Frederic Leeds
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 19, 2013
Before:  SMITH, GREENAWAY, JR., and SHWARTZ, Circuit Judges

(Opinion filed: September 25, 2013)
_____

OPINION
_____

PER CURIAM

    Bao Hui Chen petitions for review of a decision of the Board of Immigration Appeals

(BIA).  For the reasons below, we will deny the petition for review.

    Chen, a native of China, entered the United States in July 2001 without a valid entry

document.  In October 2003, he was charged as removable as an alien present in the United

States without having been admitted or paroled. Chen conceded removability and applied for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). The IJ determined that Chen had suffered economic persecution for violating China's family planning policy. The IJ granted Chen asylum, and Chen withdrew his other applications.

The BIA sustained the Government's appeal and concluded that Chen failed to show past persecution or a well-founded fear of future persecution due to extreme economic deprivation. It observed that Chen was able to pay off the fines imposed with loans from friends and relatives, and was able to pay a smuggler to enter the United States. The BIA determined that Chen had not shown that he would be persecuted based on any resistance to the family planning policy. The BIA ordered Chen removed to China. Chen filed a petition for review which we denied in July 2011. See C.A. No. 10-1059.

In June 2012, Chen filed a motion to reopen alleging ineffective assistance of counsel. He argued that prior counsel failed to present a claim that he had been beaten by family planning officials and failed to submit medical documents in support of this claim. The BIA denied the motion as untimely on December 17, 2012. It determined that Chen had not pursued his claim of ineffective assistance of counsel with due diligence. In addition, it concluded that Chen had not demonstrated prejudice as he had not shown that the evidence he sought to submit would likely change the outcome. The BIA observed that in his letters to his former attorneys, Chen did not mention the evidence or the attorneys' failures to submit it.

Chen then filed a motion for reconsideration which the BIA denied on February 22, 2013. It noted that the supplemental evidence did not affect its determination that reopening

2

was not warranted, especially in light of Chen's previous counsel's response to his allegations. Chen filed a petition for review on March 19, 2013.

We have jurisdiction pursuant to 8 U.S.C. § 1252. The Government correctly argues that we have jurisdiction over only the February 22, 2013, decision of the BIA denying Chen's motion for reconsideration. The BIA's decision denying the motion to reopen and its decision denying the motion for reconsideration are two separate final orders. An alien may file a petition for review from each order within thirty days of the date of the order. See Castro v. Att'y Gen., 671 F.3d 356, 364 (3d Cir. 2012). However, filing a motion for reconsideration does not toll the time to seek review of the earlier decision. Id. Because Chen did not file his petition until March 19, 2013, it is timely only with respect to the BIA's February 22, 2013, denial of his motion for reconsideration. However, some discussion of the denial of the motion to reopen is necessary to evaluate the BIA's determination that Chen had not demonstrated an error of law or fact in his motion for reconsideration. Id. at 365. We review the BIA's denial of a motion for reconsideration for an abuse of discretion and will generally not disturb the BIA's decision unless it is arbitrary, irrational, or contrary to law. Pllumi v. Att'y Gen., 642 F.3d 155, 158 (3d Cir. 2011).

In his motion to reopen, Chen had argued that his prior attorneys had provided ineffective assistance by failing to present the fact that Chen sustained a loss of hearing after being beaten by family planning officials in 1992. In support, he submitted medical records from China, an affidavit from his wife, the complaints sent to his prior attorneys, and one attorney's response. A.R. at 86-136. As noted above, the BIA denied the motion as untimely

3

because Chen had not pursued his claim of ineffective assistance of counsel with due diligence and determined that Chen had not shown that the new evidence would change the outcome.

In his motion to reconsider, Chen submitted the same exhibits with a new affidavit. A.R. at 6-69. He did not include any legal argument. In his new affidavit, Chen provided new details to try to show that he exercised due diligence. He described the timeline of hiring his current attorney, obtaining the exhibits submitted, and filing the motion to reopen. He did not challenge or address the BIA's alternative holding that he had not shown prejudice.[1]

A motion to reconsider "shall state the reasons for the motion by specifying the errors of fact or law in the prior Board decision and shall be supported by pertinent authority." 8 C.F.R. § 1003.2(b)(1). Chen did not allege an error of fact or law by the BIA; rather, he sought to provide additional facts and argument on the issue of due diligence. Nor do we see any errors by the BIA. As noted by the BIA, Chen did not describe the specific allegation of ineffective assistance in the complaint sent to the attorney who represented him first, Richard Tarzia. He vaguely alleged that Tarzia did not interview him or review his asylum application and that this deprived Chen of a chance to present all his facts for consideration. Chen did not mention the omission of any evidence of being beaten by Chinese family planning officials. Tarzia responded and emphatically denied Chen's allegations. He stated that the asylum application was reviewed with Chen several times and was filed with Chen's approval. A.R. at 49. In the proposed complaint sent to the second former counsel, Theodore Cox, Chen again did not

---

[1] Chen did not mention the alleged beating in his own affidavits. A.R. at 9-14, 91-94. While the medical records submitted indicate that his right ear drum was damaged due to vibration, his wife stated that the injury was to the *left* ear drum from Chen's being beaten. A.R. at 22, 32. Chen never mentioned the alleged assault in the hearing before the IJ. Nor did his wife mention it in her earlier affidavit. A.R. at 427.

4

mention any evidence of being beaten by Chinese family planning officials. A.R. at 53-54. Cox did not respond to Chen's letter.

The BIA did not abuse its discretion in denying the motion to reconsider. Accordingly, we will deny the petition for review.